**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| MOUSA ADAM CAMARA,<br><br>Petitioner,<br><br>v.<br><br>EDWARD VOORHIES, Warden,<br>Northeast Ohio Correctional Center, *et al.*,<br><br>Respondents. | ) | CASE NO. 4:26-CV-01962-JJH<br><br>JUDGE JEFFREY J. HELMICK<br>UNITED STATES DISTRICT JUDGE<br><br>MAGISTRATE JUDGE<br>JENNIFER DOWDELL<br>ARMSTRONG<br><br>**<u>REPORT AND RECOMMENDATION</u>** |

Petitioner, Mousa Adam Camara ("Mr. Camara"), filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241. (ECF No. 1). Mr. Camara names as respondents: Edward Voorhies, Warden of the Northeast Ohio Correctional Center; Ryan Overton, Acting ICE Field Office Director; Todd Lyons, Acting Director of U.S. Immigration and Customs Enforcement; Sirce Owen, Acting Director of the Executive Office for Immigration Review; Todd Blanche, United States Attorney General; and Markwayne Mullin, Secretary of the U.S. Department of Homeland Security ("Respondents").[1]

In the petition, Mr. Camara, a citizen and native of the Central African Republic who says that he has resided in the United States since July 2023, alleges that his due process rights are being violated because immigration authorities are detaining him pending removal proceedings

[1] In their answer to the petition (ECF No. 4), Respondents state that the proper respondent is Kevin Raycraft, the acting ICE Field Office Director for the facility where Mr. Camara is detained. I agree. *See Roman v. Ashcroft*, 340 F.3d 314, 320-22 (6th Cir. 2003) (holding that the proper respondent in the immigration context is the INS District Director for the facility where the petitioner is being detained). Accordingly, I recommend that the Court substitute Field Director Raycraft for Mr. Lyons and dismiss the remaining Respondents.

without providing him with a bond hearing. In particular, Mr. Camara maintains that Respondents have erroneously determined that he is an "applicant for admission" who is "seeking admission" under 8 U.S.C. § 1225(b)(2)(A), and thus must be detained pending removal proceedings. Mr. Camara argues that he is not "seeking admission" for purposes of § 1225(b)(2)(A) because he is already residing in the country and is not actively seeking to be admitted. He asserts that he is instead subject to 8 U.S.C. § 1226(a), which entitles him to a bond hearing.

On May 11, 2026, the Sixth Circuit issued its decision in *Lopez-Campos v. Raycraft*, 175 F.4th 713 (6th Cir. 2026). The court held, in a split decision, that aliens already present in the country who are not "actively . . . in search of lawful entry into the United States via inspection and authorization by an immigration officer" are not "seeking admission" and "are thus not subject to § 1225(b)(2)(A)'s mandatory detention scheme." *Id*. at 723. Instead, those aliens are subject to § 1226(a). *Id*. at 732. The court also held that the district courts did not err in holding that petitioners had a Fifth Amendment due process right to an individualized bond hearing. *Id*. at 734.

In their answer to the petition, Respondents concede that *Lopez-Campos* controls and that Mr. Camara is entitled to a bond hearing. In light of Respondents' concession, I recommend that the Court grant in part Mr. Camara's habeas petition and order that he be immediately released from custody or given an individualized bond hearing within ten days of the date of the Court's order.

Mr. Camara also argues that his detention without a bond hearing violates the Administrative Procedure Act, 5 U.S.C. § 706 ("APA"). He asks the Court to vacate the Board of Immigration Appeals' ("BIA") decision in *Matter of Yajure Hurtado*, 29 I & N Dec. 216 (2025), in which the BIA held that aliens such as Mr. Camara are "applicants for admission" who are "seeking admission" and are subject to mandatory detention under § 1225(b)(2)(A). Respondents argue that Mr. Camara cannot seek relief for an APA violation through a habeas petition and that

Mr. Camara can obtain full relief through his habeas claim.

In light of my recommendation that the Court order Respondents to grant Mr. Camara a bond hearing under *Lopez-Campos*, it is unnecessary to decide Mr. Camara's claim under the APA, and I recommend that the Court decline to consider that claim. *See Hidalgo-Sanchez v. Raycraft*, No. 3:26-cv-00976, 2026 WL 1242978, at *6 (N.D. Ohio May 6, 2026) (noting that it is unclear whether petitioner may present an APA claim through a habeas petition and declining to consider claim where court was granting habeas relief on statutory and due process arguments and ordering bond hearing or immediate release); *Mendez v. Unknown Party #1*, 819 F. Supp. 3d 770, 785 n.5 (W.D. Mich. 2025) (holding that writ of habeas corpus was proper vehicle to challenge detention without bond and declining to consider APA claims); *Gonzalez Arreaga v. Minter*, No. 2:25-cv-03167-TLP-cgc, 2026 WL 279882, at *3 n.4 (W.D. Tenn. Feb. 3, 2026) (declining to rule on APA claims).

**RECOMMENDATION**

For the reasons set forth above, I RECOMMEND that the Court GRANT IN PART Mr. Camara's petition and ORDER that he be immediately released from custody or granted an individualized bond hearing before an immigration judge within ten (10) days of the Court's order. I also recommend that the Court substitute Field Director Kevin Raycraft for Mr. Lyons and dismiss all other Respondents.

Dated: September 16, 2026

*/s Jennifer Dowdell Armstrong*
Jennifer Dowdell Armstrong
U.S. Magistrate Judge

**NOTICE TO PARTIES REGARDING OBJECTIONS**

Local Rule 72.3(b) of this Court provides:

**Any party may object to a Magistrate Judge's proposed findings, recommendations or report made pursuant to Fed. R. Civ. P. 72(b) within**

> **fourteen (14) days after being served with a copy thereof, and failure to file timely objections within the fourteen (14) day period shall constitute a waiver of subsequent review, absent a showing of good cause for such failure**. Such party shall file with the Clerk of Court, and serve on the Magistrate Judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations, or report to which objection is made and the basis for such objections. **Any party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.** The District Judge to whom the case was assigned shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. The District Judge need conduct a new hearing only in such District Judge's discretion or where required by law, and may consider the record developed before the Magistrate Judge, making a determination on the basis of the record. The District Judge may also receive further evidence, recall witnesses or recommit the matter to the Magistrate Judge with instructions.

*Id.* (emphasis added).

Failure to file objections within the specified time may result in the forfeiture or waiver of the right to raise the issue on appeal either to the district judge or in a subsequent appeal to the United States Court of Appeals, depending on how or whether the party responds to the report and recommendation. *Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019). Objections must be specific and not merely indicate a general objection to the entirety of the report and recommendation; a general objection has the same effect as would a failure to object. *Howard v. Sec'y of Health and Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).

Stated differently, objections should focus on specific concerns and not merely restate the arguments in briefs submitted to the magistrate judge. "A reexamination of the exact same argument that was presented to the Magistrate Judge without specific objections 'wastes judicial resources rather than saving them, and runs contrary to the purpose of the Magistrates Act.'" *Overholt v. Green*, No. 1:17-CV-00186, 2018 WL 3018175, *2 (W.D. Ky. June 15, 2018) (quoting *Howard*). The failure to assert specific objections may in rare cases be excused in the interest of justice. *See United States v. Wandahsega*, 924 F.3d 868, 878-79 (6th Cir. 2019).